UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PHILIP SIMON,<br><br>        Petitioner,<br><br>    vs.<br><br>SAN LUIS OBISPO COUNTY BOARD OF SUPERVISORS,<br><br>        Respondents. | CASE NO.  CV 12-7849 DDP (RZ)<br><br>ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE AS ENTIRELY UNEXHAUSTED |

The Court will dismiss the action summarily because none of Petitioner's claims has been exhausted in the state supreme court, as is required for habeas relief. *See generally* 28 U.S.C. § 2254(b).

Generally, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." More specifically, the Ninth Circuit has held that a district court presented with an entirely unexhausted petition may, or even must, dismiss the action. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to

exhaust."), *citing Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (district court is "obliged to dismiss [an entirely unexhausted petition] immediately" once respondent moves for such dismissal).

Petitioner is civilly confined at Atascadero State Hospital. He asserts five claims. With the exception of Claim 1, he admits that he has submitted none of them to the California Supreme Court for a decision, either on direct review or on habeas. *See* Pet. ¶ 8(b), (c), (d), (e).

Nor is Claim 1 exhausted. Although Petitioner checks a box indicating that he raised Claim 1 in the California Supreme Court on direct review and on habeas, he did not actually do so, according to the Court's search of a public database (http://appellatecases.courtinfo.ca.gov/search.cfm?dist=0). The Court takes judicial notice of the results of the search for Petitioner's name. "John Philip Simon" is not a litigant in any California Supreme Court cases. A search for "John Simon," with no middle name included in the search parameters, yields six results in that court. In the only California Supreme Court case that *Petitioner*, as opposed to a different person named John Simon, appears to have brought, Petitioner presented a claim unrelated to Claim 1. He was appealing a ruling that authorized his being medicated involuntarily. *See People v. Simon,* No. S155511 (Cal. Supreme Ct. 2007) (appealing ruling as explained in *People v. Simon*, No. B193741, 2007 WL 1966121 (Cal. Ct. App. 2d Dist., 6th Div. 2007) (order of July 9, 2007).) The other "John Simons," in the other five cases, are not Petitioner.

None of Petitioner's claims is exhausted. A *Raspberry* dismissal is in order. Accordingly, the Petition is DISMISSED WITHOUT PREJUDICE.

DATED:  11/1/12

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE